# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD W. GRAY, | Case No.: 1:09-cv-00379-SKO |
| Plaintiff, | |
| v. | **ORDER AWARDING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Doc. 36) |
| Defendant. | |

## I. INTRODUCTION

On May 18, 2012, counsel for Plaintiff, Ann M. Cerney, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $17,293.10, offset by Equal Access to Justice Act ("EAJA") fees already awarded in the amount of $5,400.00. (Doc. 34.) The Commissioner filed a statement of non-opposition in response to Ms. Cerney's motion on June 1, 2012. (Doc. 35.) *See generally Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (Commissioner plays a part in the fee determination resembling that of a trustee for claimants). Ms. Cerney's motion for attorney's fees was served on Plaintiff, (Doc. 34, p. 2) and no objections were filed. For the reasons set forth below, Ms. Cerney's motion for an award of attorney's fees is GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) On September 29, 2010, the Court determined that the Commissioner erred in finding Plaintiff not

disabled. (Doc. 24.) The decision of the Commissioner was reversed, and the case was remanded for further administrative proceedings. (Doc. 24.)

On April 4, 2011, the parties submitted an amended stipulation and proposed order to award EAJA fees in the amount of $5,400.00 as authorized by 28 U.S.C. § 2412 (Doc. 32); the Court approved the amended stipulated EAJA fee request on April 5, 2011 (Doc. 33). Ms. Cerney now seeks an award of attorney's fees in the amount of $17,293.10 pursuant to Section 406(b), reduced by $5,400.00 refunded to Plaintiff to offset EAJA fees already awarded. Ms. Cerney filed a declaration in support of the motion for attorney's fees stating that, on remand, the Commissioner issued a "Fully Favorable decision" awarding Plaintiff Title II benefits. (Doc. 34-1, 1:19-20.) On April 16, 2012, the Commissioner issued a notice that retroactive disability benefits were awarded totaling $69,172.40. (Doc. 34-1, 1:21-22; *see* Doc. 34-2, p. 1-3.) It is Ms. Cerney's Section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.[1] Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee

---

[1] Ms. Cerney is not entitled to an award of attorney's fees for any time spent on this case at the administrative level. *Compare* 42 U.S.C. § 406(b) *with* 42 U.S.C. § 406(a).

award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and his counsel provides for a fee consisting of "twenty-five percent (25%) of the past-due benefits that are awarded . . . in the event my case is won." (Doc. 34-3, p. 1, ¶ 1.)  The Court has considered the character of counsel's representation

of Plaintiff and the results achieved by counsel. Ms. Cerney spent a total of 6.9 hours representing Plaintiff; and 24.5 hours of time was expended by attorney Chantal J. Harrington representing Plaintiff before the Court. (*See* Doc. 34-4, p. 1.) There is no indication that a reduction of the award is warranted due to any substandard performance by Ms. Cerney; counsel is an experienced attorney and the work of both Ms. Cerney and Ms. Harrington secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay.

Attorney's fees in the amount of $17,293.10 represent 25% of the past-due benefits paid to Plaintiff, and is not excessive in relation to the past-due award or the amount of time expended by counsel on the litigation. *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00)); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00)); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62)). In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $5,400.00 in EAJA fees, and thus the Section 406(b) fees awarded by this order must be offset by $5,400.00, for a total award of $11,893.10.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Ms. Cerney pursuant to Section 406(b) are reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $17,293.10 is GRANTED; and

2. Plaintiff's counsel shall refund to Plaintiff $5,400.00 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

**Dated:   June 21, 2012**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE